

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

D-2 RAYFORD JACKSON,

        Defendant.

_____/

Honorable Avern Cohn

No. CR-09-20025

**OFFENSE:** 18 U.S.C. §§ 371 and 666(a)(2) (Bribery Conspiracy)

**MAXIMUM PENALTY:** 5 years in prison, 3 years supervised release

**MAXIMUM FINE:** $250,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant RAYFORD JACKSON and the government agree as follows:

1. **GUILTY PLEA**

   **A.     Count of Conviction**

Defendant will enter a plea of guilty to **Count One** of the Information, which charges conspiracy to commit bribery, in violation of 18 U.S.C. §§ 371 and 666(a)(2).

**B.**    <u>**Elements of Offense**</u>

The elements of Count One (Conspiracy to Commit Bribery) are:

1.    That two or more persons conspired or agreed to commit bribery as described in paragraph 1.B.4., below;

2.    That the defendant knowingly and voluntarily joined the conspiracy knowing of and intending to help accomplish one or more of its objects;

3.    That a member of the conspiracy took one of the overt acts described in the charging document for the purpose of advancing or helping the conspiracy.

4.    <u>Object of Conspiracy – Bribery – 18 U.S.C. § 666(a)(2)</u>

(a)    That defendant gave, offered, or agreed to give a thing of value to a person.

(b)    That the person was an agent of a local government such as the City of Detroit.

(c)    That defendant acted with the intent to influence or reward the person in connection with a transaction or series of transactions of the local government.

(d)    That the transaction or series of transactions involved anything of value of $5,000 or more.

(e)    That the local government received federal assistance in excess of $10,000 in a one-year period before or after the offense.

- 2 -

## C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea:

During the pertinent time period of June 2007 through December 2007, defendant worked as a paid consultant for Synagro Technologies, Inc. ("Synagro"). Defendant's primary duty for Synagro during this time period was to facilitate the Detroit City Council's approval of a wastewater treatment contract between Synagro and the City of Detroit.  The contract was known as the Amended and Restated Wastewater Plant Biosolids Supply Service Contract (the "Synagro contract").

For the Synagro contract to be approved by the City Council, there needed to be a resolution adopted by at least 5 members of Council.  In order to obtain the favorable vote of *Council Member A,* a member of the Detroit City Council, defendant conspired and agreed with defendant James R. Rosendall Jr., *Council Member A,* as well as another person, *Courier A,* to make illegal bribe payments to *Council Member A.*

Defendant paid or caused to be paid bribe payments to *Council Member A* at the request of *Council Member A*, with the intent to influence and reward *Council Member A* with respect to *Council Member A's* vote for and continued support of the Synagro contract, a transaction that involved over $5,000. Those payments included the following, which all occurred in the Eastern District of Michigan:

- 3 -

(a)     In or about the summer or fall of 2007, defendant provided *Courier A* an envelope containing a bribe payment meant for *Council Member A*.  Acting at defendant's direction, *Courier A* traveled to the Coleman A. Young Municipal Center where, at the direction of *Council Member A*, *Courier A* delivered the bribe payment to an *Aide* employed by *Council Member A.*

(b)     On October 4, 2007, defendant gave *Courier A* an envelope containing a bribe payment meant for *Council Member A*.  At approximately 6:45 p.m., acting at defendant's direction, *Courier A* met with *Council Member A* in the parking lot of "Mr. Fish" restaurant in Detroit and delivered the bribe payment to *Council Member A.*

(c)     On November 20, 2007, shortly after *Council Member A* voted in favor of the Synagro contract, defendant directed *Courier A* to meet with *Council Member A* for the purpose of delivering a bribe payment.  At approximately 3:00 p.m., *Courier A* traveled to the Butzel Family Center in Detroit, where he gave *Council Member A* a bribe consisting of an envelope containing $3,000 in cash.  This payment was made to *Council Member A* in exchange for *Council Member A's* vote in favor of the Synagro contract.

(d)     On December 4, 2007, defendant caused *Courier A* to meet *Council Member A* at a McDonald's parking lot in Detroit and, while there, to give *Council Member A* a bribe payment consisting of an envelope containing $3,000 in cash.

- 4 -

(e)    All of the payments described above were made to *Council Member A* for the purpose of securing and maintaining *Council Member A's* support for the Synagro contract and for no other purpose.

Defendant stipulates that the City of Detroit received over $10,000 in federal assistance in calendar year 2007.

2.    SENTENCING GUIDELINES

A.    **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Sentencing Guidelines**

There is no agreement between the parties as to the applicable guideline range.  As set forth in the attached worksheets, the government maintains that the applicable sentencing guidelines exceeds the sixty (60) month statutory maximum term of imprisonment.  Accordingly, defendant's guidelines term of imprisonment is sixty (60) months.  Defendant maintains the right under this agreement to argue for any sentence.

3.    SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and Title 18,

- 5 -

United States Code, Section 371, the sentence in this case may not exceed sixty (60) months imprisonment.

### B.    Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **2 to 3 years**. The agreement concerning imprisonment described above does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

The parties agree that the fine will be no more than the maximum amount of $200,000.

### E.    Restitution

Restitution is not applicable to this case.

### 4.    OTHER CHARGES

If the Court accepts this agreement, the government will not bring

- 6 -

additional charges against defendant based on any of the conduct reflected in this plea agreement or the attached worksheets.

As part of the consideration for defendant's guilty plea and for *Courier A's* truthful and complete cooperation in the investigation and/or prosecution of others, the government agrees that it will not bring any criminal charges against *Courier A* for the conduct described in the Factual Basis section of this agreement. However, defendant understands that the government intends to bring to the court's attention *Courier A's* conduct described herein so the court may take appropriate action in determining whether such conduct is a violation of the terms of *Courier A's* federal supervised release conditions imposed in a separate criminal case, and that such action may result in the revocation of supervised release and the incarceration of *Courier A*.

## 5. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement.

- 7 -

6.     **RIGHT TO APPEAL**

If the sentence imposed falls within the guideline range allowed by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction or sentence.  If the sentence imposed is above that range, defendant retains his right to directly appeal the Court's guideline determination.  The government agrees not to appeal any sentence within the guideline range stated in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range.

7.     **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.  If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

- 8 -

8. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

**10.    ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the

Office of the United States Attorney by 5:00 P.M. on June 15, 2009.  The

government reserves the right to modify or revoke this offer at any time before

defendant pleads guilty.

> Terrence Berg
> United States Attorney

LYNN HELLAND
ASSISTANT UNITED STATES ATTORNEY
CHIEF, SPECIAL PROSECUTIONS UNIT

R. MICHAEL BULLOTTA
ASSISTANT UNITED STATES ATTORNEY

MARK D. CHUTKOW
ASSISTANT UNITED STATES ATTORNEY

DATE: JUNE 4, 2009

- 10 -

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN

READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO

ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND

REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE

OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS

ANSWERED BY HIS LAWYER.

RICHARD MORGAN
ATTORNEY FOR DEFENDANT

RAYFORD JACKSON
DEFENDANT

DATE: JUNE 15, 2009

- 11 -

# WORKSHEET A   (Offense Levels)

| | | |
|---|---|---|
| Defendant: __Rayford Jackson__ | Count(s): | __1 of Information__ |
| Docket No.: __CR-08-__ | Statute(s): | __18 U.S.C. 371, 666__ |

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1 | Base Offense Level | 12 |
| 2C1.1(b)(1) | Involved more than one bribe | +2 |
| 2C1.1(b)(2)/2B1.1 | Value of benefit to be received more than $20 million | +22 |
| 2C1.1(b)(3) | Offense involved elected official | +4 |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**40**

**********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*    **X**

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):    September 2007

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):       3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):       2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):       1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| 1/18/88 | | Theft by Receiving Stolen Property | 3 yrs probation | | 0 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

**COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE** (U.S.S.G. § 4A1.1(d))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

_____

3.    **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT** (U.S.S.G. § 4A1.1(e))

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

4.    **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE** (U.S.S.G. § 4A1.1(f))

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

5.    **TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.

6.    **CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

I

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.    (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

40

**2.    ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

-3

**3.    TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

37

**4.    CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

**5.    CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.


N/A

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.


N/A

**6.    GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.


210 - 262   months

**7.    STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.


N/A   months

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

## PROBATION (U.S.S.G. ch. 5, pt. B)

a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

**[X]** 1.  Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

**[ ]** 2.  Probation is authorized by the guidelines (minimum of guideline range = zero months).

**[ ]** 3.  Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

1.  At least 1 year but not more than 5 years (total offense level ≥ 6).

**[ ]** 2.  No more than 3 years (total offense level < 6).

c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

The court must impose certain conditions of probation and may impose other conditions of probation.

## 2.  SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))

**[X]** a.  A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

**[ ]** b.  A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

## 3.  IMPRISONMENT (U.S.S.G. ch. 5, pt. C)

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

## SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[X] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

4. The statute of conviction requires a minimum term of supervised release of _____ months.

c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

1. The court will determine whether restitution should be ordered and in what amount.

2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

[X] 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

FINE  (U.S.S.G. § 5E1.2)

a.  Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 20,000 | $ 200,000 |

7.    SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

    $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
    $ 25.00 for every count charging a Class A misdemeanor,
    $ 10.00 for every count charging a Class B misdemeanor, and
    $  5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ 100 _____.

8.    ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

9.    UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

N/A _____     (rev. 06/99)